```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

Aleftina Bykhovskaya,           :
        Plaintiff,              :
                                :
     v.                         :    File No. 1:07-CV-40
                                :
Michael Chertoff,               :
Secretary, Department of        :
Homeland Security,              :
        Defendant.              :
```

<u>ORDER</u>
(Paper 6)

Plaintiff Aleftina Bykhovskaya, proceeding *pro se* and *in forma pauperis*, brings this action claiming that she was discriminated against based upon her age and national origin when she applied for a job with the Transportation Security Administration (TSA).  Currently pending before the Court is the plaintiff's motion for appointment of counsel (Paper 6).

In her complaint, the plaintiff alleges she was employed by a private company as a security screener at the Burlington airport prior to September 11, 2001.  After September 11, 2001, her position was federalized and she was required to take a computer-based examination to determine whether she was qualified to work for the TSA.  The plaintiff was subsequently informed by TSA that she had not passed the exam, and was therefore being denied employment.  She now claims that the TSA violated its own procedures, and that the decision not to hire her was based upon her age and national origin.  She further alleges that she has contested the TSA's actions in

administrative proceedings before the EEOC, but has been unsuccessful.

Pursuant to Title 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike criminal defendants, civil litigants do not have a constitutional right to appointed counsel. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) (citing In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984)). Moreover, even if the Court requests an attorney to represent a party under § 1915, the appointment is not mandatory and may be declined. See Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296 (1989).

There are several factors to be considered when deciding whether to appoint counsel for a party proceeding *in forma pauperis*. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). The threshold consideration is whether the party's position seems likely to be of substance. Once satisfied of the substantive merit of the case, the Court should assess: 1) the party's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the party's ability to present the case; 4) the complexity of the legal issues; and 5) any other

special reason in the case why appointment of counsel would be more likely to lead to a just determination.  <u>Id.</u>

Here, it is not clear that the plaintiff's claim is likely to be of substance.  While the Court construes the plaintiff's *pro se* complaint liberally, it nonetheless appears that she may have failed a required exam.  Her complaint suggests that she is suspicious about the exam-grading process, and that her suspicions have led her to conclude that she was the subject of discrimination.  Given that the plaintiff's claims appear to rely heavily upon circumstantial evidence, it is difficult for the Court to conclude, at this early stage in the case, that the plaintiff's case has substantive merit.

The Court also notes the plaintiff's lack of success before the EEOC.  Although the EEOC's decisions are certainly not binding upon the Court, defeat in the administrative process suggests that the claims in this case may be lacking in merit.  Finally, the government has submitted a motion to dismiss or, in the alternative, for summary judgment, asserting that the test in question was delivered and scored remotely by computer.  If true, this statement of fact calls the merit of the plaintiff's discrimination claim into serious question.

The Second Circuit has held that "counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001). Furthermore, "[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." <u>Cooper v. A. Sargenti Co., Inc.</u>, 877 F.2d 170, 172 (2d Cir. 1989). In this case, it does not appear at this time that appointment of counsel will be more likely to lead to a just determination. Accordingly, the motion for appointment of counsel (Paper 6) is DENIED without prejudice.

    Dated at Brattleboro, in the District of Vermont, this 9th day of July, 2007.

                                       <u>/s/ J. Garvan Murtha</u>
                                       J. Garvan Murtha
                                       United States District Judge